UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-10016/01-A |
| -vs- | JUDGE DRELL |
| SHAWN JACKSON | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the Court is a timely filed motion for new trial by defendant Shawn Jackson (Doc. 47). For the reasons below, we DENY the motion.

Mr. Jackson seeks a new trial on the sole ground of ineffective assistance of counsel. He argues, inter alia, that his counsel erred by failing to raise the issue of race; in failing to obtain more evidence; in failing to get two statements admitted into evidence at trial; in failing to raise objections to the government's arguments; and in deciding not to raise the self-defense theory because it might hurt the defendant's credibility with the jury, given the nature of the video evidence. Mr. Jackson seeks review under the standards enunciated by the United States Supreme Court in Strickland v. Washington, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

The Fifth Circuit has explained the Strickland standard as follows:

> Strickland makes plain that there is no presumption of prejudice from one or more discrete instances of ineffectiveness on the part of defense counsel. Id. [104 S.Ct.] at 2067. Rather, "the defendant must show that they

actually had an adverse effect on the defense," id., and "a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." Id. at 2069. In this connection, it is not enough to show "that the errors 'impaired the presentation of the defense'" or that they "had some conceivable effect on the outcome of the proceeding." Id. at 2067. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068.[FN4] * * *

> [FN4]. As we stated in Lyons v. McCotter, 770 F.2d 529, 532 (5th Cir.1985): "The prejudice required by the second part of the Strickland test is something considerably more than the possibility that an unreasonable error by counsel might have had some effect on the trial."

U.S. v. Logan, 861 F.2d 859, 864-65 (5th Cir. 1988).[1]

Having observed the entire trial process, we are not convinced that the alleged errors committed by Mr. Jackson's counsel constituted errors at all. Mr. Jackson was represented by the chief federal Public Defender for the Western District of Louisiana and a second experienced member of the Public Defender's Office. Both attorneys were prepared and attentive and managed the case ably throughout the proceedings. Yet, even assuming that the counsel's actions and decisions could be characterized as error, considering our observation of the trial as a whole, there is no "reasonable probability

---

[1] The Fifth Circuit also stated:

> We also note that in acting on new trials generally, the harmless error rule is usually appropriate. See Wright, Federal Practice and Procedure: Criminal 2d § 551 at 237-38 ("[t]he court has discretion in passing on motions, but it should hold in mind the harmless error provisions of Rule 52, and refuse to grant a new trial if the substantial rights of the defendant were not affected" (footnotes omitted); 8A Moore's Federal Practice § 33.02[1] at 33-3 (2d ed. 1988 rev.) ("[t]he doctrines of harmless and plain error as stated in Rule 52 apply to Rule 33 motions").

Logan, 861 F.2d at 864 note 3.

that . . . the result of the proceeding would have been different" otherwise. Strickland, 104 S.Ct. at 2068 (quoted in Logan, 861 F.2d at 864). This case involved an attack by Mr. Jackson on a prison correctional officer. There was live testimony and two video tapes supporting the charge. Mr. Jackson's defense was provocation. That defense was negated entirely by the video evidence. We find it obvious that Mr. Jackson's proposed self-defense theory, which he claims counsel refused to present because of the video evidence, would have fared no better. Simply put, Mr. Jackson's claims do not in any way satisfy the Strickland standard for prejudicial ineffective assistance of counsel.

The motion for new trial (Doc. 47) is hereby DENIED.

SIGNED on this 20th day of December, 2007 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge